

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Berg, individually and on behalf of all others similarly situated, § § § Plaintiff, § § vs. § § SPAN-AMERICA MEDICAL SYSTEMS, § INC., JAMES D. FERGUSON, RICHARD C. § COGGINS, THOMAS F. GRADY, JR., DAN § R. LEE, THOMAS J. SULLIVAN, THOMAS § D. HENRION, LINDA D. NORMAN, § ROBERT H. DICK, TERRY ALLISON § RAPPUHN, SAVARIA CORPORATION, and § SAVARIA, INC., § § Defendants. § § | Civil Action No. 6:17-01399-MGL |

**MODIFIED ORDER REGARDING THE STIPULATION OF DISMISSAL**

**WHEREAS**, on May 26, 2017, Plaintiff Robert Berg ("Plaintiff") filed the above-captioned action (the "Action") challenging, among other things, the public disclosures made in a Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") filed with the U.S. Securities and Exchange Commission (the "SEC") in connection with a proposed merger between Span-America Medical Systems, Inc. and Savaria Corporation (the "Proposed Transaction");

**WHEREAS**, the Action asserts claims for violations of sections 14(d), 14(e), and 20(a) of the Securities Exchange Act of 1934, breach of fiduciary duty against Span-America Medical

Systems, Inc. ("Span-America" or the "Company") and the members of the Company's Board of Directors (collectively, the "Directors,"), and a claim for aiding and abetting against Savaria Corporation and Savaria (SC), Inc. (collectively, "Savaria," and together with the Span-America and the Directors, "Defendants");

**WHEREAS**, on June 5, 2017, Span-America filed an amendment to the Recommendation Statement that supplemented the Recommendation Statement with certain additional information relating to the Proposed Transaction that addresses and substantially moots all claims asserted in this action (the "Supplemental Disclosures");

**WHEREAS**, on June 16, 2017, as a result of the closing of the tender offer and completion of the Proposed Transaction, the Company became an indirect, wholly-owned subsidiary of Savaria;

**WHEREAS**, Plaintiff asserts that the prosecution of the Action caused Span-America to file the Supplemental Disclosures with the SEC and that Plaintiff's counsel have the right to seek and recover an award of attorneys' fees and expenses in connection with a claimed common benefit provided to Span-America's shareholders as a result of the filing of the Supplemental Disclosures ("Fee Award"), and Plaintiff's counsel have informed Defendants that, if their claim for a Fee Award cannot be resolved through negotiations between counsel for Plaintiff and Defendants, then Plaintiff intends to petition the Court for such fees and expenses (the "Fee Application"), which Fee Application, if it becomes necessary, shall be filed in the related action captioned *Porter v. Span-America Medical Systems, Inc.*, Case No. 6:17-cv-01357-MGL;

**WHEREAS**, Plaintiff believes and contends that the Supplemental Disclosures substantially mooted the claims set forth in the Complaint, and that remaining claims, if any, are so unlikely to be successful as to warrant dismissal;

**WHEREAS**, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to the Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any Fee Application or Fee Award;

**WHEREAS**, all of the Defendants in the Action reserve all rights, arguments and defenses, including the right to oppose any potential Fee Application;

**WHEREAS**, the parties intend to meet and confer concerning the amount of any Fee Award, and, in case the parties are unable to reach an agreement, the parties respectfully request that this Court retain jurisdiction over the prospective Fee Application;

**WHEREAS**, no class has been certified in the Action; and

**WHEREAS**, the Defendants have previously denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious.

**NOW, THEREFORE**:

1. Plaintiff hereby voluntarily dismisses the above-captioned action without prejudice, as to himself, pursuant to Federal Rule of Civil Procedure 41(a), and the Action shall be so dismissed. The dismissal is as to the named Plaintiff only and has no effect upon the absent members of the putative class.

2. Consequently, the Court holds this action is hereby **DISMISSED WITHOUT PREJUDICE**. If the parties fail to reach an agreement concerning the Fee Award issue within sixty days, however, any party may petition the Court to reopen this action and restore it to the calendar.

3. By agreement of the parties, the Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's forthcoming Fee Application, if such Fee Application becomes necessary.

4. The dismissal shall be with prejudice if no action is taken within sixty days from the filing date of this order.

5. To the extent that the parties are unable to reach an agreement concerning a Fee Award and, if Plaintiff intends to file a Fee Application, such Fee Application shall be filed in the related action captioned *Porter v. Span-America Medical Systems, Inc.*, Case No. 6:17-cv-01357-MGL.

**IT IS SO ORDERED**.

Signed this 11th day of July 2017 in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE